IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES A. SYRUS, JR., )
)
    Plaintiff, )
)
v. )    Case No. CIV-26-1221-D
)
McAFEE & TAFT LAW FIRM; )
NATIONAL BASKETBALL )
ASSOCIATION; NBA )
PROFESSIONAL BASKETBALL )
CLUB; and NBA TEAM PLAYERS )
UNION, )
)
    Defendants. )

## ORDER

Upon screening[1] of Plaintiff's Complaint [Doc. No. 1], the Court finds that it is frivolous and substantially similar to Plaintiff's prior action, Case No. CIV-25-196-D, which this Court dismissed with prejudice on March 10, 2025. In that Order [Doc. No. 9], the Court found that Plaintiff's Complaint in CIV-25-196-D was nonsensical and appeared to be an effort by Plaintiff to circumvent judgments of this Court, noting Plaintiff's lengthy history of bringing similar claims against these defendants.[2]

---

[1] "When a plaintiff files a motion to proceed [in forma pauperis], a district court 'shall dismiss the case at any time' if the plaintiff's complaint" is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *Syrus v. Nat'l Basketball Ass'n*, 2019 WL 7938555, at *2 (10th Cir. Oct. 25, 2019) (unpublished); 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

[2] *See Syrus v. McAfee,* Case No. CIV-23-467 (W.D. Okla. June 14, 2023) ("Syrus V"); *Syrus v. Nat'l Basketball Ass'n*, Case No. CIV-22-21-D (W.D. Okla. Jan. 20, 2022) ("Syrus IV"); *Syrus v. Nat'l Basketball Ass'n,* Case No. CIV-19-504-D, 2019 WL 11556847 (W.D. Okla. June 6, 2019), *aff'd,* No. 19-6096, 2019 WL 7938555 (10th Cir. Oct. 25, 2019) ("Syrus III"); *Syrus v. Prof'l Basketball Club, LLC*, Case No. CIV-12-678-D, 2012 WL 2995739 (W.D. Okla. July 23, 2012), *appeal dismissed,* No. 12-6219 (10th Cir. Oct. 11, 2012) ("Syrus II"); *Syrus v. Bennett,* Case No.

Here, Plaintiff refiles similarly nonsensical claims that were previously dismissed with prejudice by this Court. Plaintiff's Complaint [Doc. No. 1] is 2,479 pages long and riddled with bizarre allegations from which the Court cannot discern any viable claims for relief. For one example, for Plaintiff's basis for federal question jurisdiction, Plaintiff references bringing charges against McAfee & Taft Law Firm for "DNA inculpatory biological genetic cellular level finger prints on crime scene" and "former Chief Judge David Russell private secrets confidential file legal document privacy authenticated unaltered legal document original recorded time stamp judicial CM-ECF federal docket case CIV-12-678-R." [Doc. No. 1, at 3]. Plaintiff's Complaint does not state a claim upon which relief can be granted and is woefully insufficient to satisfy the pleading standards of Fed. R. Civ. P. 8(a). Accordingly, Plaintiff's action will be dismissed with prejudice.[3]

For these reasons, this action is **DISMISSED WITH PREJUDICE**. A separate judgement will be entered.

**IT IS SO ORDERED** this 29th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

CIV-10-1116-D, 2011 WL 1515613 (W.D. Okla. April 19, 2011), *aff'd,* 455 F. App'x 806 (10th Cir. 2011), *cert. denied,* 132 S. Ct. 2692 (2012) ("Syrus I").

[3] Upon review of the Complaint, the Court further finds that any opportunity to amend Plaintiff's Complaint would be futile. *See Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)) ("A district court may dismiss under § 1915 for failure to state a claim if 'it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'").